## Case Information

### REICH, JAMIE vs. HEALTHBACK HOLDINGS LLC

**Offense or Cause**

# DISCRIMINATION

| | |
|---|---|
| *Case Identifier* | Hughes OK — CJ-2013-00040 |
| *Type of Case* | Civil Cases in which the relief sought exceeds $10,000 |
| *Date Filed* | 09/18/2013 |
| *Amount Owed* | $0.00 (as of 11/12/2013 04:07pm) |

## Parties Involved

| | |
|---|---|
| **Judge** | ALLEN, B. GORDON *of Holdenville OK* |
| **Plntf Atty.** | GRANTHAM, ERIC *of Mcalester OK* |
| **Plaintiff** | REICH, JAMIE |
| **Defendant** | HEALTHBACK HOLDINGS LLC |
| **Attorney** | CHRISTENSON, J.CLAY *of Oklahoma City OK* |

## Case entries

| Date | Description | Amount |
|---|---|---|
| 09/18/2013 | CIVIL PETITION ($10,001 OR MORE) | $163.00 |
| | LAW LIBRARY | $6.00 |
| | DISPUTE MEDIATION | $2.00 |
| | Oklahoma Court Information System Fee - Effective 07/01/04 | $25.00 |
| | Lengthy Trial Fund Fee | $10.00 |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 |
| 09/18/0201 | SUMMONS (ISSUED) - HEALTHBACK HOLDINGS LLC | $5.00 |
| 10/21/2013 | RETURN SUMMONS SHOWING SERVICE - 10/15/13 | |
| 11/04/2013 | SPECIAL ENTRY OF APPEARANCE: ATTY J.CLAY CHRISTENSEN FOR DEFENDANT (FAXED COPY) | |
| **Grand Total** | | **$218.70** |

Exhibit A

| Date | Description | Amount |
|------|-------------|--------|
| 11/05/2013 | SPECIAL ENTRY OF APPEARANCE (ORIGNAL) | |
| **Grand Total** | | **$218.70** |

## Receipts

| Date | Description | Amount |
|------|-------------|--------|
| 09/18/2013 | R1-085322 STIPE, HARPER, LAIZURE | $218.70 |
| **Grand Total** | | **$218.70** |

IN THE DISTRICT COURT OF HUGHES COUNTY
STATE OF OKLAHOMA

**FILED**
**HUGHES COUNTY**

SEP 1 8 2013

PATTY TILLEY, Court Clerk
By _____
DEPUTY

JAIME REICH,

        Plaintiff,

vs.

Case No. CJ-2013-40

HEALTHBACK HOLDINGS, LLC d/b/a
HEALTHBACK HOME HEALTH OF
HOLDENVILLE,

        Defendant.

## PETITION

COMES NOW, the Plaintiff, Jaime Reich, by and through her attorneys, Tim Maxcey and

Eric Grantham of *Stipe, Harper, Laizure, Uselton, Belote, Maxcey & Thetford LLP*, and for her

cause of action against Defendant Healthback Holdings, LLC, alleges and states as follows:

### PARTIES

1.    Plaintiff, Jaime Reich, is an individual, who at all time relevant hereto was a

resident and citizen of Hughes County, Oklahoma.

2.    Defendant Healthback Holdings, LLC d/b/a Healthback Home Health of

Holdenville ("Healthback") is a domestic corporation doing business in Hughes County,

Oklahoma.

### JURISDICTION AND VENUE

3.    Plaintiff restates and incorporates by reference the allegations of Paragraphs 1

through 2 herein.

1

4.      Plaintiff's cause of action is based upon discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1301 *et seq*. and 25 O.S. § 1601.

5.      This Court has jurisdiction and venue over the lawsuit because Defendant does business in this county and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hughes County, Oklahoma.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff restates and incorporates by reference the allegations of Paragraphs 1 through 5 herein.

7.      Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Human Rights Commission ("OHRC), Charge Number 564-2013-00852.

8.      Plaintiff files this action within ninety (90) days of receiving notice of a right to sue from the EEOC, dated July 11, 2013.

## STATEMENT OF FACTS

9.      Plaintiff restates and incorporates by reference the allegations of Paragraphs 1 through 8 herein.

10.     Plaintiff was employed by Defendant during the year of 2013.

11.     Throughout Plaintiff's employment with Healthback, Plaintiff performed her job competently and received satisfactory evaluations.

12.     On or about April 3, 2013, to April 9, 2013, Plaintiff was sexually harassed on the job by a co-worker, Rob McClure.

2

13.     Rob McClure worked for Healthback in the Information Technology department.

14.     Plaintiff reported the harassment to her supervisor, Nena Drawbaugh.

15.     On information and belief, other employees had been harassed by Mr. McClure and had complained of such harassment.

16.     Plaintiff was terminated on April 17, 2013.

17.     Defendant Healthback did not follow a progressive discipline process prior to discharging the Plaintiff.

## COUNT I: RETALIATION UNDER TITLE VII.

18.     Plaintiff restates and incorporates by reference the allegations of Paragraphs 1 through 17 herein.

19.     Plaintiff alleges retaliation by Defendant against her in violation of 42 U.S.C. §§ 2000e et seq. ("Title VII").

20.     Plaintiff was at all times relevant hereto an employee and Defendant Healthback was her employer within the meaning of Title VII.

21.     Plaintiff engaged in protected opposition to sexual harassment toward another employee, an issue that Plaintiff rightfully brought the attention of her supervisors.

22.     As a result of her protected opposition to sexual harassment, Defendant Healthback terminated Plaintiff from her employment.  Plaintiff's termination was a material adverse action taken by Defendants.

23.     The closeness in time between Plaintiff's protected opposition and the adverse action evidences causation of termination in violation of Title VII.

3

24.    As a consequence of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of income and other employment benefits.

## COUNT II: VIOLATION OF 25 O.S. § 1601

25.    Plaintiff restates and incorporates by reference the allegations of Paragraphs 1 through 24 herein.

26.    Plaintiff's opposition to a discriminatory practice was a motivating factor in Defendant's decision to fire Plaintiff.

27.    Plaintiff was terminated and retaliated against for her opposition to discriminatory practices in violation of state and federal statutes.

28.    As a consequence of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of income and other employment benefits.

## DAMAGES, ATTORNEYS' FEES AND COSTS

29.    Plaintiff restates and incorporates by reference the allegations of Paragraphs 1 through 28 herein.

30.    As a direct and proximate result of the Defendant's conduct, Plaintiff suffered the following injuries and damages:

a.    Plaintiff was discharge from employment with Defendant Healthback. Plaintiff has sought other employment but was unable to find a job with comparable pay to that Plaintiff received with Defendant Healthback. In addition, Plaintiff has incurred lost income while unemployed and other costs associated with seeking employment.

4

b.      Plaintiff has suffered mental anguish and emotional distress as a result of her termination.

31.      Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

PRAYER

For these reasons, Plaintiff prays for judgment against Defendants for the following: Affirmative action which may include, but is not limited to, payment of back pay and front pay; enjoining Defendant from engaging in unlawful employment practices; Reasonable attorneys' fees; Costs; and All other relief this Court deems just and proper.

Respectfully submitted,

Tim Maxcey, OBA # 13567
Eric Grantham, OBA # 22156
*Stipe, Harper, Laizure, Uselton,*
*Belote, Maxcey & Thetford LLP*
343 East Carl Albert Pkwy
P. O. Box 1369
McAlester, Oklahoma 74502
(918) 423-0421
(918) 423-0266 (facsimile)
tmaxcey@stipelaw.com
eric@stipelaw.com
*Attorneys for Plaintiff.*

ATTORNEYS LIEN CLAIMED

5

ISSUED 9-18-13
BY COURT CLERK
HUGHES COUNTY, STATE OF OKLA.
PATTY TILLEY, COURT CLERK

**ORIGINAL**
RETURN TO COURT CLERK

IN THE DISTRICT COURT OF HUGHES COUNTY
STATE OF OKLAHOMA

JAIME REICH,

    Plaintiff,

vs.

HEALTHBACK HOLDINGS, LLC d/b/a
HEALTHBACK HOME HEALTH OF
HOLDENVILLE,

    Defendant.

Case No. CJ-2013- 40

**FILED**
HUGHES COUNTY

OCT 2 1 2013

PATTY TILLEY, Court Clerk
By _____ DEPUTY

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:  Healthback Holdings, LLC d/b/a
Healthback Home Health of Holdenville

    You have been sued by the above named Plaintiff, and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service.  Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

    Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

    ISSUED this 18th day of _____, 2013.

**PATTY TILLEY**

By: Staci Evans , Court Clerk
        Deputy

Attorneys for Plaintiff:
Tim Maxcey, OBA# 13567
Eric Grantham, OBA# 22156
*Stipe, Harper, Laizure, Uselton,*
*Belote, Maxcey & Thetford, LLP*
343 East Carl Albert Parkway
PO Box 1369
McAlester, OK 74502
(918) 423-0421
(918) 423-0266 Facsimile

YOU MAY SEEK THE ADVICE OF ANY ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR ANY ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

THIS SUMMONS WAS SERVED ON THE 15 DAY OF October , 2013.

_____
Signature of person serving summons

1

IN THE DISTRICT COURT OF HUGHES COUNTY
STATE OF OKLAHOMA

JAIME REICH,

                    Plaintiff,

                                                    Case No. CJ-2013-40

vs.

HEALTHBACK HOLDINGS, LLC d/b/a
HEALTHBACK HOME HEALTH OF
HOLDENVILLE,

                    Defendant.

PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR PRODCUTION, AND REQUESTS FOR
ADMISSION TO DEFENDANT

TO:    HEALTHBACK HOLDINGS, LLC d/b/a
       HEALTHBACK HOME HEALTH OF HOLDENVILLE
       c/o Craig D. Carter
       1300 E. 15th
       Suite 190
       Edmond, OK 73013

       Pursuant to Okla. Stat. tit. 12, §§ 3233, 3234, and 3236 Plaintiff requests the following

Interrogatories, Requests for Production and Requests for Admission be answered by the

above-named Defendant in writing and under oath and within the time provisions set forth in

that statute.

INSTRUCTIONS

       1.      In answering these Interrogatories, Requests for Production of Documents, and

Requests for Admission you are requested to furnish all information which is in your possession,

custody or control, including information in the possession of your attorneys or other persons

directly or indirectly employed or retained by you, or anyone else acting in your behalf or

1

otherwise subject to your control.

2.      If any of the following Interrogatories cannot be answered in full, please answer them to the fullest extent possible, explaining why you cannot answer the remainder, and stating any information or knowledge which you have concerning the unanswered portion.

3.      In construing these Interrogatories, Requests for Production of Documents, and Requests for Admission the singular shall include the plural and the plural shall include the singular. Any pronoun means the masculine or feminine gender and the singular or plural as in each case may be appropriate. The use of a verb in any tense shall be construed as the use of the verb in all tenses as is necessary that might otherwise be construed to be outside its scope.

4.      Pursuant to 12 O.S. § 3226(e), these Interrogatories, Requests for Production of Documents, and Requests for Admission shall be deemed continuing so as to require further and supplemental answers if you obtain information with respect to the subject matter of any of these Interrogatories, which renders your answers thereto incomplete, inaccurate or in any way misleading, or if, after making your initial production, you obtain or become aware of any further document responsive to this request, you are required to produce such additional documents to Plaintiffs.

5.      The above-named Defendant should not give lack of information or knowledge as a reason for failure to admit or deny unless she states that she has made reasonable inquiry and that the information known or readily obtainable by her is insufficient to enable it to admit or deny.

6.      If you currently lack information to answer any Interrogatory completely, state:

a.      The responsive information currently available;

b.      The responsive information currently unavailable;

c.      Efforts which you intend to make to secure the information currently unavailable; and

d.      When you anticipate receiving the information currently unavailable.

7.      Your failure to object to these Interrogatories, Requests for Production of Documents, and Requests for Admission (including these instructions) in writing within forty-five (45) days from service of the same shall be deemed a waiver of your right to so object. Any objection to these Interrogatories, Requests for Production of Documents, and Requests for Admission must be included in your responses.

8.      Documents from any single file should be produced in the same manner as they were found in such file.

9.      If copies of documents are produced in lieu of originals, copies should be legible and bound or stapled in the same manner as the originals.

10.     If a document is withheld from production on grounds of privilege or work-product immunity, (i) identify the document with sufficient particularity to allow the matter to be brought before the Court, including a description of the document's type (e.g., letter, memorandum, report, subject matter, date, its author(s) and addressee(s), and the identity of its custodian, and (ii) state briefly the legal and factual basis for the claim of privilege or work-product immunity.

11.     If any document requested herein was formerly in your possession, custody or control, and has been lost or destroyed, in lieu of production of such document, (i) identify the document's type (e.g., letter, memorandum, report), subject matter, date, its author(s) and

3

addressee(s), and the identity of its custodian, and (ii) state, to the extent possible, the date on which the document was lost or destroyed, and if destroyed, the conditions of and reasons for destruction and the identity of the person(s) requesting and performing such destruction.

12.   A request for each document that "refers or relates" to a specified subject matter extends to each document that (i) constitutes, (ii) contains, (iii) supports, (iv) modifies, contradicts, criticizes, discusses, mentions or describes, (v) records, reports, reflects or pertains to, (vi) was prepared in connection with, (vii) arises from, or (viii) is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on Plaintiffs' behalf in relation to the subject matter specified.

### DEFINITIONS

1.   When used in these Interrogatories, Requests for Production of Documents, and Requests for Admission, the pronouns "you," "your" and "yours" and the terms "Defendant" are intended to and shall embrace and include the above-named Defendant and any other person acting or purporting to act on behalf of the above-named Defendant, its counsel and all of her agents, servants, employees, representatives, private investigators, subsidiaries, or parent companies, and others who are in possession of or may have obtained information for or on behalf of the party to whom these Interrogatories, Requests for Production of Documents, and Requests for Admission are directed.

2.   The words "person" and "persons" include, without limitation, individuals, associations, partnerships and corporations.

3.   The term "document" is used herein in its customary broad sense and means any

4

kind of printed, recorded, written, graphic or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received or not, including originals, drafts, copies, nonidentical copies or reproductions, summaries, reports, data compilations and tabulations, whether stored by mechanical, photographic or electronic means (including electronic data storage media of all types).  The term "documents" shall also include, but not be limited to, the following:  any writing, drawing, graph, chart, plat, map, photograph, motion picture film, phonograph record, tape and video recording, or any other records or data compilations from which information can be obtained. The term "document" shall also include, without limitation, each note, memorandum, letter, work paper, minutes, book, diary, calendar, appointment books, microfilm, opinion, appraisal, brochure, pamphlet, circular, telegram, release, article, analysis, transcript, agreement, accounting records, logs, maps, statistical records, work sheets or papers, and any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced and any other document or writing of whatever description, including, but not limited to, any information electronically stored.

4.      "Describe" when used with respect to any statement or communication means to identify the person making the statement or communication, the date it was made, the person or persons to whom the communication was made and who witnessed the same, the contents of the communication and the place where it was made.

5.      "Describe" when used in connection with an act means to provide the identity of the actor, the specific nature of the act, the date and place of the act and the identities of the individuals present.

6.    "And" and "or" shall be construed both disjunctively and conjunctively.

7.    "Identify", "Identified", or Identification" --

(a)    With respect to a document, means that you are requested to state the form of the document, the date of its preparation, the author, recorder or sender, each addressee or recipient, the subject matter, and the name and address of any person presently having custody or control of the same or a true copy thereof.  If any document was, but is no longer within your possession, custody or control, state the disposition of the document and state all information you have as to its present location and its content or substance, if known. You may produce any document in lieu of identifying it.

(b)    With respect to a natural person, means that you are requested to state the name (including any alias name), address, and telephone number of such person and the name, address, and telephone number of the last known person or company with or by whom such natural person is or was employed.

(c)    With respect to a person other than a natural persons, means that you are requested to state the total and complete name thereof and any trade name (or other acronym) under which such person conducts business.  If such person is a corporation, partnership, or other legal entity, state the present or last known mailing address of that person and the address of its principal place of business.  If such person is a corporation, state the state or commonwealth and nation of incorporation of that person.

(d)    With respect to an oral communication, means that you are requested to: state whether such communication was in person, by telephone, or otherwise; list the date, place, and Persons present or otherwise involved in such communication; summarize the

6

context of the communication; and identify each document within your possession, custody, control or knowledge which reports, summarizes, or otherwise memorializes or refers to such oral communication, or the subject matter of anything discussed or considered in such oral communication.

(e)     With respect to an action, omission, instance, incident or event, means that you are requested to:  list as specifically as possible the date, place, time and persons present or involved; state the transactions or occurrences which were part of, transpired in or related to the action, omission, instance, incident or event being identified; identify each document within your possession, custody, control or knowledge which reports, summarizes, or otherwise memorializes or refers to such action, omission, instance, incident or event; and identify the capacity or capacities in which the persons present or involved were acting with respect to such action, omission, instance, incident or event.

(f)     With respect to an allegation, claim, demand or cause of action, means you are requested to:  Identify all persons who asserted or made such allegation, claim, demand or cause of action; identify all persons against or on whom such allegation, claim, demand or cause of action was asserted or made; state the transactions or occurrences which were part of, transpired in or related to such allegation, claim, demand, or cause of action; identify each document within your possession, custody, control or knowledge which reports, summarizes or otherwise memorializes or refers to such allegation, claim, demand or cause of action; state the forum, if any, in which such allegation, claim, demand or cause of action was asserted or made; state the docket or case numbers assigned to any proceeding in which such allegation, claim, demand or cause of action was asserted or made; state whether such

7

allegation, claim, demand or cause of action was criminal or civil in nature; and state the procedural status or disposition of such allegation, claim, demand or cause of action.

(g)    With respect to a location, place, site or destination, means that you are requested to: state the mailing address, street address, legal description and/or coordinates or such location, place, site or destination; state the city, county, state (or commonwealth), and country (other than the United States) in which such location, place, site or destination is located; and identify all persons who own, lease, sublease, rent or occupy such location, place, site or destination.

<u>**INTERROGATORIES**</u>

**INTERROGATORY NO. 1:**    Please state the name, address, profession and relation to the Defendant of the person answering these Interrogatories.

**INTERROGATORY NO. 2:**    Please state Rob McClure's job description, title and duties at all times he was employed by you.

**INTERROGATORY NO. 3:**    Please state Nena Drawbaugh's job description, title and duties at all times she was employed by you.

**INTERROGATORY NO. 4:**    Please state Jaime Reich's job description, title and duties at all times she was employed by you.

**INTERROGATORY NO. 5:**    Please identify all Jaime Reich's supervisors during April of 2013 and her supervisor's supervisors ending with the Chief Executive Officer of the company.

**INTERROGATORY NO. 6:**    Please list the names and addresses of all witnesses to any allegation in the Claimant's Petition, including in your answer the date, time and place of the occurrence, the substance of all statements made on the said date, time and place, and the

8

identity of the person making the statement(s) and the person(s) to whom the statement(s) was made.

**INTERROGATORY NO. 7:**     Please state with specificity any and all allegations by anyone of discriminatory conduct, including, but not limited to improper, harassing and or, abusive language and/or behavior toward any of your employees or former employees by Rob McClure.

**INTERROGATORY NO. 8:**     Please state with specificity any and all allegations by anyone of discriminatory conduct, including, but not limited to improper, harassing and or, abusive language and/or behavior toward any of your employees by Rob McClure which was reported to any person in a supervisory position and/or all human resources personnel including all complaints by Plaintiff.

**INTERROGATORY NO. 9:**     Please list the names and addresses of all witnesses to any allegation stated in answer to Nos. 7 and 8 above and the substance of each witness' knowledge of each allegation.

**INTERROGATORY NO. 10:**     Please list any and all claims of discrimination, harassment and/or retaliation against you from April of 2011 to the present alleging sexual harassment and/or retaliation therefore.

**INTERROGATORY NO. 11:**     Please describe fully all reasons why Rob McClure was terminated from his position with you including in your answer the substance of any conversation related to each reason, the participants in each such conversation, the date of each such conversation and whether any of the reasons had anything to do with Jaime Reich's complaints.

**INTERROGATORY NO. 12:**     Please list the name and addresses of all witnesses to any and all incidents leading to the Defendant's reason(s) for terminating Rob McClure's employment.

**INTERROGATORY NO. 13:**     Please describe fully all reasons why Jaime Reich was terminated from his position with you including in your answer the substance of any conversation related to each reason, the participants in each such conversation, the date of each such conversation and whether any of the reasons had anything to do with her complaints of sexual harassment.

**INTERROGATORY NO. 14:**     Please list the name and addresses of all witnesses to any and all incidents leading to the Defendant's reason(s) for terminating Jaime Reich's employment.

**INTERROGATORY NO. 15:**     Please state whether there exist any policy(ies) of liability which insures you from liability for personal injury arising from the circumstances alleged in the Claimant's Complaint, including:

   a. the name and address of the insurance company issuing the policy;

   b. the policy number, effective date and expiration date;

   c. the limits of liability insurance coverage afforded by the policy for injuries sustained in any one occurrence by one or more persons;

   d. the primary and excess coverage limits of said policy(ies), including any self-insured retention, and

   e. the name, address, and company position of the employee who has supervisory and settlement responsibility for the disposition of Claimant's claim; and

   f. any annual aggregate limits of said policy and any amount of the annual aggregate that has been exhausted.

**INTERROGATORY NO. 16:**   Please list any and all educational and/or training programs provided by Connected Stores to its' employees, including but not limited to supervisors and managers, regarding discrimination including: the dates in which these programs have been provided in the last 10 years; the frequency of these programs; whether employee attendance is mandatory or optional, and the locations in which the programs were held.

**INTERROGATORY NO. 17:**   Identify by name, address, and telephone number any other persons who complained of sexual harassment by Rob McClure during his employment with your company.

**INTERROGATORY NO. 18:**   Please state the full and complete factual basis for your denial of any of the Requests for Admission served concurrently herewith.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**   Please produce the complete personnel files of Rob McClure, Jaime Reich, and Nena Drawbaugh.

**REQUEST FOR PRODUCTION NO. 2:**   All statements, signed or unsigned, in any form, by or about Plaintiff Jaime Reich, including, but not limited to statements by Rob McClure or Nena Drawbaugh.

**REQUEST FOR PRODUCTION NO. 3:**   All documents in your possession, custody or control, including but not limited to, reports, correspondence, notes, memoranda and computer data, regarding any and all allegations by anyone of discriminating conduct, including, but not limited to, sexual harassment, toward any of your employees or former employees by Rob McClure.

**REQUEST FOR PRODUCTION NO. 4:**       All documents in your possession, custody or control, including but not limited to, reports, correspondence, notes, memoranda and computer data, intended to reprimand or discipline Rob McClure for improper and/or inappropriate behavior toward any of your employees or former employees, including, but not limited to, Plaintiff Jaime Reich.

**REQUEST FOR PRODUCTION NO. 5:**       All documents in your possession, custody or control related in any way to any and all claims of discrimination, harassment and/or retaliation against you from April 1, 2011 to the present alleging retaliation and/or sexual harassment.

**REQUEST FOR PRODUCTION NO. 6:**       All documents in your possession, custody or control related in any way to any and all claims of discrimination, harassment and/or retaliation against Plaintiff Jaime Reich from April 1, 2011 to the present.

**REQUEST FOR PRODUCTION NO. 7:**       All your policies and procedures regarding the investigation of claims of discrimination, harassment and/or retaliation from April 1, 2011 to the present.

**REQUEST FOR PRODUCTION NO. 8:**       All your policies and procedures regarding the conduct of management and employees from April 1, 2011 to the present as it relates to discrimination, sexual harassment, and/or retaliation issues.

**REQUEST FOR PRODUCTION NO. 9:**       All your policies and procedures pertaining to the training and education of management and employees regarding discrimination, harassment and/or retaliation from April 1, 2011 to the present.

**REQUEST FOR PRODUCTION NO. 10:**       All your policies and procedures pertaining

12

to the investigation and discipline of employees and management found to be in violation of company policies and procedures regarding discrimination, harassment and/or retaliation from April 1, 2011 to the present.

**REQUEST FOR PRODUCTION NO. 11:**      All job performance evaluations of Rob McClure and Jaime Reich.

**REQUEST FOR PRODUCTION NO. 12:**      All documents and emails regarding complaints by anyone including Plaintiff made to you or any of your agents, servants and/or employees against Rob McClure.

**REQUEST FOR PRODUCTION NO. 13:**      All complaints by anyone including Jaime Reich made to your or any of your agents, servants and/or employees against Rob McClure.

**REQUEST FOR PRODUCTION NO. 14:**      All documents and emails regarding any and all conversations between Rob McClure and Plaintiff Jaime Reich.

**REQUEST FOR PRODUCTION NO. 15:**      All documents, except those between you and your attorneys, related in any way to any investigation of the claims of Jaime Reich against Rob McClure. For all such documents, including those between the Respondent and its attorneys, for which a privilege is raised, please identify each such document by its date, author, intended recipient and subject matter sufficient to make a determination as to whether such privileged document is discoverable.

**REQUEST FOR PRODUCTION NO. 16:**      Any and all pictures or text messages obtained from any cellular phone used by Rob McClure or any of your other employees or former employees that relate, in any way, to complaints of sexual harassment by Rob McClure.

13

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**   Please admit that you terminated Plaintiff's employment within ten (10) days of her complaints of sexual harassment against Rob McClure.

**REQUEST FOR ADMISSION NO. 2:**   Please admit that your termination of Plaintiff's employment was a direct result of her complaints against Rob McClure.

**REQUEST FOR ADMISSION NO. 3:**   Please admit that you terminated other employees who complained of sexual harassment by Rob McClure.

**REQUEST FOR ADMISSION NO. 4:**   Please admit that Plaintiff received favorable performance reviews prior to her termination.

**REQUEST FOR ADMISSION NO. 5:**   Please admit that you unlawfully retaliated against Plaintiff Jaime Reich because she complained of sexual harassment.

Respectfully submitted,

Eric Grantham, OBA #22156
*Stipe, Harper, Laizure, Uselton,*
*Belote, Maxcey & Thetford LLP*
343 East Carl Albert Pkwy
P. O. Box 1369
McAlester, Oklahoma 74502
(918) 423-0421
(918) 423-0266 (facsimile)
*Attorney for Plaintiff*

IN THE DISTRICT COURT OF HUGHES COUNTY
STATE OF OKLAHOMA

**FILED**
**HUGHES COUNTY**

NOV **0 4** 2013

JAMIE REICH,

      PLAINTIFF,

V.

HEALTHBACK HOLDINGS, LLC d/b/a
HEALTHBACK HOME HEALTH OF
HOLDENVILLE,

      DEFENDANT.

PATTY TILLEY, Court Clerk
By_____

CASE NO. CJ-2013-40

### SPECIAL ENTRY OF APPEARANCE

COMES NOW the Defendant, Healthback Holdings, LLC d/b/a Healthback Home Health of Holdenville ("Defendant"), by and through their counsel, J. Clay Christensen, T. P. Howell and Lisa M. Molsbee of Christensen Law Group, P.L.L.C., and pursuant to Okla. Stat. tit. 12 §2012, and *Young v. Walton*, 807 P.2d 248 (Okla. 1991), hereby enter this Special Appearance and reserve an additional twenty (20) days from November 4, 2013, or until November 14, 2013, within which to Answer, file Motions or plead further in this matter.  By entering this Special Appearance, Defendants do not waive any defenses or objections and expressly reserve the right to assert any and all defenses allowed by Okla. Stat. tit. 12 §2012 and other Oklahoma law, including, but not limited to the defenses of failure to state a claim upon which relief can be granted, improper service, insufficiency of process, and other defenses, if applicable.

Respectfully submitted,

J. Clay Christensen (OBA #11789)

CHRISTENSEN LAW

PAGE 03/03

T. P. Howell (OBA #10347)
Lisa M. Molsbee (OBA #19530)
CHRISTENSEN LAW GROUP, P.L.L.C.
700 Oklahoma Tower, 210 Park Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 232-2020
Facsimile: (405) 236-1012
Clay@christensenlawgroup.com
Lynn@christensenlawgroup.com
Lisa@christensenlawgroup.com

*Attorneys for Defendants*

## CERTIFICATE OF MAILING

This shall certify that on this 1st day of November, 2013, a true and correct copy of the above and foregoing was mailed via U.S. Mail, postage prepaid to the following:

Tim Maxcey
Eric Grantham
Stipe, Harper, Laizure, Uselton,
  Belote, Maxcey & Thetford LLP
343 East Carl Albert Pkwy
PO Box 1369
McAlester, Oklahoma  74502

Lisa M. Molsbee

2

IN THE DISTRICT COURT OF HUGHES COUNTY
STATE OF OKLAHOMA

**FILED**
HUGHES COUNTY

NOV 0 5 2013

PATTY TILLEY, Court Clerk

By_____
DEPUTY

JAMIE REICH,

        PLAINTIFF,

V.

CASE NO. CJ-2013-40

HEALTHBACK HOLDINGS, LLC d/b/a
HEALTHBACK HOME HEALTH OF
HOLDENVILLE,

        DEFENDANT.

## SPECIAL ENTRY OF APPEARANCE

COMES NOW the Defendant, Healthback Holdings, LLC d/b/a Healthback
Home Health of Holdenville ("Defendant"), by and through their counsel, J. Clay
Christensen, T. P. Howell and Lisa M. Molsbee of Christensen Law Group, P.L.L.C.,
and pursuant to Okla. Stat. tit. 12 §2012, and *Young v. Walton*, 807 P.2d 248 (Okla.
1991), hereby enter this Special Appearance and reserve an additional twenty (20)
days from November 4, 2013, or until November 14, 2013, within which to Answer,
file Motions or plead further in this matter.  By entering this Special Appearance,
Defendants do not waive any defenses or objections and expressly reserve the right
to assert any and all defenses allowed by Okla. Stat. tit. 12 §2012 and other
Oklahoma law, including, but not limited to the defenses of failure to state a claim
upon which relief can be granted, improper service, insufficiency of process, and
other defenses, if applicable.

Respectfully submitted,

_____
J. Clay Christensen (OBA #11789)

T. P. Howell (OBA #10347)
Lisa M. Molsbee (OBA #19530)
CHRISTENSEN LAW GROUP, P.L.L.C.
700 Oklahoma Tower, 210 Park Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 232-2020
Facsimile: (405) 236-1012
Clay@christensenlawgroup.com
Lynn@christensenlawgroup.com
Lisa@christensenlawgroup.com

*Attorneys for Defendants*

## CERTIFICATE OF MAILING

This shall certify that on this 4th day of November, 2013, a true and correct copy of the above and foregoing was mailed via U.S. Mail, postage prepaid to the following:

Tim Maxcey
Eric Grantham
Stipe, Harper, Laizure, Uselton,
  Belote, Maxcey & Thetford LLP
343 East Carl Albert Pkwy
PO Box 1369
McAlester, Oklahoma  74502

Lisa M. Molsbee

2

IN THE DISTRICT COURT OF HUGHES COUNTY
STATE OF OKLAHOMA

JAMIE REICH,

        PLAINTIFF,

V.

                                   CASE NO. CJ-2013-40

HEALTHBACK HOLDINGS, LLC d/b/a
HEALTHBACK HOME HEALTH OF
HOLDENVILLE,

        DEFENDANT.

## DEFENDANT, HEALTHBACK HOLDINGS, LLC D/B/A HEALTHBACK HOME HEALTH OF HOLDENVILLE'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION TO PLAINTIFF

Defendant, HealthBack Holdings, LLC d/b/a Healthback Home Health of Holdenville, (the "Defendant" or "Healthback"), pursuant to OKLA. STAT. tit. §§ 3226, 3233, 3234 and 3236, requests that the Plaintiff, Jamie Reich ("Reich" or "Plaintiff"), answer fully and completely in writing and under oath, within thirty (30) days from the date of receipt hereof, the following Requests for Admission, Interrogatories and Requests for Production of Documents:

### DEFINITIONS

The term "**Document**" is used herein in its customary broad sense and means any kind of printed, recorded, written, graphic or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received or not, including originals, drafts, copies, non-identical copies or reproductions, summaries, reports, data compilations and tabulations, whether stored by mechanical, photographic or electronic means (including data processing of all types). The term "Document" shall also include, but not be limited to the following: any writing, drawing, graph, chart, plat, map, photograph, motion picture film, phonograph record, tape and video recording, or any other records or data compilations from which information can be obtained. The term "Document" shall also include, without limitation, each note, memorandum,

1

letter, workpaper, minutes, book, diary, forecast, blueprints, index, microfilm, account, opinion, appraisal, brochure, pamphlet, circular, telegram, release, article, analysis, transcript, agreement, deposit slip, bank statement, check, front and back, checkstub, receipt, stock certificate, bond, bond coupon statement, confirmation, tape data sheet, data processing card or disc and any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; and any other Document or writing of whatever description, including but not limited to any information contained in any computer although not yet printed out.

A party's full or abbreviated name means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation to any Person who is not a party to the litigation.

The terms **"You"** and **"Your"** refer to Plaintiff, Jamie Reich, your affiliates, agents and owners.

The term **"Petition"** means the Petition filed by Plaintiff in the above-styled action on September 18, 2013.

The term **"Communication"** means any oral statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between Persons by means of Documents, and includes any transfer of data from one location to another by electronic or similar means.

The term **"Relating To"** a given subject means any Document constituting or comprising that subject and any Document identifying, referring to, dealing with commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting or pertaining to that subject.

The term **"Person"** or **"Persons"** means any individual, firm, proprietorship, corporation, and association or any other type of organization or entity.

The following rules of construction apply to all discovery requests:

(a)   <u>All/each.</u>  The terms "all" and "each" shall be construed as all and each.

(b)   <u>And/or.</u>  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope.

(c)   The use of the singular form of any word includes the plural and vice-versa.

## INSTRUCTIONS

1. The Documents requested shall be produced as they are kept in the usual course of business.

2. This request shall be deemed continuing so as to require further and supplemental production by Plaintiff if additional Documents are obtained between the time of initial production and the time of any hearing or trial of this matter.

3. Plaintiff's response shall state, with respect to each item or category, that inspection shall be permitted as requested, unless the request is objected to, in which event the reason for objection shall be stated.  If an objection is made to part of an item or category, the part shall be specified.

4. If any Document is withheld for any reason, including but not limited to any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, provide a description of the Document being withheld which includes the following:

   (a)   The date of the Document;

   (b)   The author of the Document;

   (c)   The recipient of the Document;

   (d)   All Persons to who copies of the Document have been furnished;

   (e)   The subject matter of the Document;

   (f)   The file in which the Document is kept in the normal course of business;

   (g)   The current custodian of the Document; and

   (h)   The nature of the privilege or other reason for not producing the Document and sufficient description of the facts surrounding the contents of the Document to justify withholding the Document under said privilege or reason.

5. If any Document responsive to this request, was, but is no longer in your possession, custody or control, or in existence, state whether it:

(a)   is missing or lost;

(b)   has been destroyed;

(c)   has been transferred voluntarily or involuntarily to others; or

(d)   has been otherwise disposed of,

and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**   Admit that Rob McClure did not have a position of authority over you at Healthback.

**REQUEST FOR ADMISSION NO. 2:**   Admit that Healthback undertook an investigation into your accusations of improper behavior by Rob McClure.

**REQUEST FOR ADMISSION NO. 3:**   Admit that you exchanged text messages of a personal nature with Rob McClure during the period of April 3, 2013 through April 9, 2013.

**REQUEST FOR ADMISSION NO. 4:**   Admit that your texting relationship with Rob McClure was not the first electronic "teasing" relationship you have been involved in.

**REQUEST FOR ADMISSION NO. 5:**   Admit that you initiated one or more of the texting conversations between you and Rob McClure.

**REQUEST FOR ADMISSION NO. 6:**   Admit that through these text messages you arranged to meet Rob McClure in Oklahoma City.

**REQUEST FOR ADMISSION NO. 7:**   Admit that you indicated to Rob McClure that you enjoyed texting with him.

4

**REQUEST FOR ADMISSION NO. 8:**    Admit that you texted to Rob McClure that you occasionally wore "sexy" panties, but "never thongs."

**REQUEST FOR ADMISSION NO. 9:**    Admit that you indicated to Rob McClure that you are "not as shy when [you are] typing."

**REQUEST FOR ADMISSION NO. 10:**   Admit that you indicated to Rob McClure that you thought he was cool.

**REQUEST FOR ADMISSION NO. 11:**   Admit that you informed Rob McClure of the number of sexual partners you have had.

**REQUEST FOR ADMISSION NO. 12:**   Admit that you were curious about the things Rob McClure wanted to text about with you.

**REQUEST FOR ADMISSION NO. 13:**   Admit that you informed Rob McClure that you danced while cleaning the house while not always wearing pants.

**REQUEST FOR ADMISSION NO. 14:**   Admit that you discussed priapisms with Rob McClure in a non-work related manner.

**REQUEST FOR ADMISSION NO. 15:**   Admit that you discussed various penises that you had seen in the course of your nursing career.

**REQUEST FOR ADMISSION NO. 16:**   Admit that you informed Rob McClure that you would be "known for [your] body after [you] get it fixed."

**REQUEST FOR ADMISSION NO. 17:**   Admit that you informed Rob McClure that you were planning to have a "tummy tuck, arms fixed, and boobs done."

**REQUEST FOR ADMISSION NO. 18:**   Admit that you indicated that you enjoyed getting to know Rob McClure through this electronic communications.

5

**REQUEST FOR ADMISSION NO. 19:** Admit that you encouraged Rob McClure to imagine you in your bath.

**REQUEST FOR ADMISSION NO. 20:** Admit that you indicated that your suggestion in RFA No. 19 was to keep up Rob McClure's heart rate.

**REQUEST FOR ADMISSION NO. 21:** Admit that you planned your texting conversations around your work schedule.

**REQUEST FOR ADMISSION NO. 22:** Admit that you confessed to Rob McClure that you started visits early.

**REQUEST FOR ADMISSION NO. 23:** Admit that you know that the actions in RFA No. 22 were a violation of Healthback policy.

**REQUEST FOR ADMISSION NO. 24:** Admit that you asked Rob McClure not to tell on you regarding actions in RFA No. 22.

**REQUEST FOR ADMISSION NO. 25:** Admit that you also planned your texting conversations around your husband's hunting schedule to prevent him from learning about the extent of the relationship.

**REQUEST FOR ADMISSION NO. 26:** Admit that you deleted your texts with Rob McClure.

**REQUEST FOR ADMISSION NO. 27:** Admit that you indicated that Rob McClure might have to "take matters into your own hands" in reference to his response to your comments.

**REQUEST FOR ADMISSION NO. 28:** Admit that you did not request that Rob McClure stop the sexual nature of the texts.

6

**REQUEST FOR ADMISSION NO. 29:**   Admit that you responded in kind to the sexual tone of these interactions.

**REQUEST FOR ADMISSION NO. 30:**   Admit that as a result of the investigation performed by Healthback, Rob McClure was terminated from the company.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   State the name, address and job title of the person or persons answering these interrogatories, excluding attorneys of record herein, and indicate whether each person assisting with answering has ever been charged with, forfeited a bond in, or been convicted of any crime, other than minor traffic violations, including a description of the nature and facts of the offense, date of the offense, county and state, and sentence, if any.

**INTERROGATORY NO. 2:**   State the name, address, job title, and a phrase or sentence describing the testimony expected or the factual knowledge from each and every person who has direct or indirect knowledge of the facts set forth in the Petition, as well as every witness, including, but not limited to the names of those with knowledge of your alleged disability specifically referenced in the response and expert witnesses, you intend to call, or may potentially call, at trial.  For expert witnesses, state the subject matter as to which he/she will testify and the facts, opinions, and grounds for each opinion expressed.

**INTERROGATORY NO. 3:**   Describe your relationship with Rob McClure, both at Healthback and outside of the office, including when you began texting with him,

your role in encouraging the texting relationship, and any in person interactions you had outside of the office.

**INTERROGATORY NO. 4:**      Identify with specificity each point at which you asked Rob McClure to tone down the sexual nature of your mutual texts and his response to your request.

**INTERROGATORY NO. 5:**      Identify with specificity when your husband learned of the nature and extent of the texting relationship between you and Rob McClure, including his response to the relationship and whether you voluntarily informed your husband of the relationship.

**INTERROGATORY NO. 6:**      Identify with specificity when and why you reported the alleged sexual harassment to Healthback and the steps that were taken upon your report.

**INTERROGATORY NO. 7:**      Describe your husband's involvement in your decision to report the alleged harassment to Healthback.

**INTERROGATORY NO. 8:**      Given the consensual nature of your relationship with Rob McClure, why did you report that he had been harassing you and what did you think should be done about the matter?

**INTERROGATORY NO. 9:**      Did you knowingly make a false report to Healthback to appease your spouse?

**INTERROGATORY NO. 10:**      Do you consider the behavior you engaged in with Rob McClure to be professional?

8

**INTERROGATORY NO. 11:**     Why, if you found them offensive and harassing, did you delete all of the text messages between you and Rob McClure instead of using them to support your allegations?

**INTERROGATORY NO. 12:**     Why, if you found them offensive and harassing, did engage in the texting communications with Rob McClure?

**INTERROGATORY NO. 13:**     Identify by phone number and carrier any and all cellular phones you used from January 2013 through May 1, 2013.

**INTERROGATORY NO. 14:**     Identify with specificity all efforts that you have made to become employed since your discharge, including but not limited to, each and every place that you have sought employment since your discharge.

**INTERROGATORY NO. 15:**     Identify any and all medical professionals, including doctors, nurses, psychiatrists, counselors, psychologists and others, from whom you have sought treatment for your alleged mental anguish and emotional distress.

**INTERROGATORY NO. 16:**     If your response to any of the Requests for Admission is anything other than an unqualified admission, please state the factual reason for such a response.

**INTERROGATORY NO. 17:**     Identify by name and address any witness you intend to call as an expert in this matter.  In addition, for each expert named state:

     a. the subject matter on which each expert witness is expected to testify;

     b. the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

9

c.  the facts and data provided your attorneys and considered in the formulation of his opinion;

d.  assumptions that the your attorneys provided and that the expert relied upon in forming the opinions to be expressed;

e.  the qualifications of each expert witness, including a list of all publications authored by the expert witness within the preceding ten (10) years;

f.  the compensation to be paid to the expert witness for the testimony and preparation for the testimony; and

g.  a listing of any other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**   Produce all documents identified in any of your answers to Interrogatories or reviewed or used in preparing your answers to Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**   If your response to any of the Requests for Admission is anything other than an unqualified admission, produce all documents which you contend support your response or relate directly or indirectly to your response.

**REQUEST FOR PRODUCTION NO. 3:**   Produce all documents that you intend to use, or that might potentially be used, as exhibits in the trial of this case.

**REQUEST FOR PRODUCTION NO. 4:**   Provide copies of all written, recorded or videotaped statements or other documents which in any way relate to this case.

**REQUEST FOR PRODUCTION NO. 5:**    Produce all documents provided to or from any expert relating to the case.

**REQUEST FOR PRODUCTION NO. 6:**    Produce any and all documents, correspondence and photographs that were exchanged between you and Rob McClure.

**REQUEST FOR PRODUCTION NO. 7:**    Produce any and all documents indicating that you ended your texting relationship with Rob McClure prior to the alleged incident giving rise to your complaint to your superiors.

**REQUEST FOR PRODUCTION NO. 8:**    Produce any and all documents evidencing your alleged damages in this case.

**REQUEST FOR PRODUCTION NO. 9:**    Produce all records, including bill records, call logs, and text message logs relating to any and all cellular phones you used from January 2013 through May 1, 2013.

**REQUEST FOR PRODUCTION NO. 10:**    Produce any and all information relating to your efforts to find employment since your discharge, including copies of resumes, cover letters, applications, correspondence from prospective employers, and documents evidencing the alleged costs of your job search.

**REQUEST FOR PRODUCTION NO. 11:**    Produce your records from any and all medical professionals, including doctors, nurses, psychiatrists, counselors, psychologists and others, from whom you have sought treatment for your alleged mental anguish and emotional distress.

**REQUEST FOR PRODUCTION NO. 12:**    Produce all documents relating to your attorney fees and costs in this matter.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents relating to your lost income in this matter.

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents relating to the facts alleged in the Petition.

**REQUEST FOR PRODUCTION NO. 15:** Execute and return the attached authorization for the release of medical records.

CHRISTENSEN LAW GROUP, PLLC

By: _____

J. Clay Christensen (OBA #11789)
T.P. Howell (OBA #10347)
Lisa M. Molsbee (OBA #19530)
700 Oklahoma Tower, 210 Park Avenue
Oklahoma City, Oklahoma  73102-5605
Telephone:  (405) 232-2020
Fax:  (405) 236-1012
**ATTORNEYS FOR HEALTHBACK HOLDINGS, LLC d/b/a HEALTHBACK HOME HEALTH OF HOLDENVILLE**

12

## CERTIFICATE OF SERVICE

Now on this 8th day of November 2013, a true and correct copy of the above and foregoing document was served upon the parties by mailing same to their counsel of record, via certified mail return receipt requested:

Tim Maxcey
Eric Grantham
Stipe, Harper, Laizure, Uselton,
 Belote, Maxcey & Thetford LLP
343 East Carl Albert Pkwy
PO Box 1369
McAlester, Oklahoma  74502

**ATTORNEYS FOR PLAINTIFF**

Lisa M. Molsbee

13

**OKLAHOMA STANDARD AUTHORIZATION TO USE OR SHARE PROTECTED HEALTH INFORMATION (PHI)**

**I. INDIVIDUAL INFORMATION** (FOR PERSON WHOSE INFORMATION WILL BE SHARED)

Name _____  Date of Birth _____

Address _____  City _____

Area Code & Telephone Number _____  State _____  Zip _____

**II. SCOPE & PURPOSE FOR SHARING INFORMATION**

I understand protected health information is information that identifies me. The purpose of this authorization is to allow
CHRISTENSEN LAW GROUP, PLLC         to share my protected health information.

**III. AUTHORIZATION & INFORMATION TO BE SHARED**

I authorize ·                                        as set forth below, to share my protected health information for
reasons in addition to those already permitted by law.

**A. Person/Organization Receiving Information and Purpose for Sharing**

Persons/Organizations Authorized to Receive My Information
(Name, Address, Phone & Fax)

| | Relationship | Purpose |
|---|---|---|
| CHRISTENSEN LAW GROUP, PLLC | ATTORNEY | LEGAL |
| 210 PARK AVE, SUITE 700 | | |
| OKC, OK 73102 | | |
| PHONE: 405.232.2020  FAX: 405.236.1012 | | |
| | | |

**B. Information to be Shared**

**1.** Check one or more boxes below.

☐ Psychotherapy Notes (if checking this box, no other boxes may be checked)
☐ Mental Health Records
☐ Entire Medical Record (includes all records except Psychotherapy Notes)

| ☐ Pathology Report | ☐ History and Physical | ☐ Operation Report(s) |
|---|---|---|
| ☐ Progress Notes | ☐ Consultation Report(s) | ☐ Discharge Summary |
| ☐ EKG Report(s) | ☐ Laboratory Report(s) | ☐ Radiology Report(s) |
| ☐ Physician's Orders | ☐ Radiology Films | ☐ Alcohol or Drug Abuse Records |

☐ Other_____

**2.** Covering Services Between _____ and _____ (Insert either date(s) or "all.")

## IV. EXPIRATION & REVOCATION

### A. This Authorization will Expire (must choose one):

☐ 12 months from the date signed in Part V.B.   ☐ Other (insert date or event): _____

### B. Right to Revoke
I understand I may change this authorization at any time by writing to the address listed at the bottom of this form. I understand I cannot restrict information that may have already been shared based on this authorization.

## V. ACKNOWLEDGEMENTS & SIGNATURES

### A. Acknowledgements

**1.** I understand this authorization is voluntary and will not affect my eligibility for benefits, treatment, enrollment, or payment of claims.

**2.** ☐ If checked and initialed, _____ is authorized to share my protected health information for the purpose of marketing. I understand _____ may receive either direct or indirect compensation for sharing my information in this case. Individual initials _____

**3.** I understand if the person/organization authorized to receive my protected health information is not a health plan or health care provider, privacy regulations may no longer protect the information.

**4.** I understand I may inspect or obtain a copy of the protected health information shared under this authorization by sending a written request to the address listed at the bottom of the form.

**5. I acknowledge information authorized for release may include records, which may indicate the presence of a communicable or noncommunicable disease.**

### B. Signature

This document must be signed by the individual or the individual's legal representative.

_____    _____
Signature (Patient or Legal Representative)    Date

_____    _____
Printed Patient or Legal Representative Name    Capacity of Legal Representative (if applicable)

Company Address:

**The following information may only be completed by**

☐ If checked by _____ — disclosure of Alcohol or Drug Abuse Records is subject to the following restrictions under 42 C.F.R. Part 2:

This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR part 2). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR part 2. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.



Oklahoma State Department of Health
Community Health Services/Administration         HIPAA Document - retain for a minimum of 6 years         ODH 206
November 2008